IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| UNITED FINANCIAL CASUALTY COMPANY, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | Case No. 11-3539-CV-S-ODS |
| PROACTIVE TRANSPORTATION, INC., et al., | ) |  |
| Defendants. | ) |  |

ORDER AND OPINION DENYING MOTIONS TO DISMISS

A motor vehicle accident occurring in January 2009 has resulted in the filing of a lawsuit in Jasper County (Missouri) Circuit Court. The Second Amended Petition names as a defendant (among others) Proactive Transportation, Inc. ("Proactive"). United Financial Casualty Company ("UFCC") is an insurance company that has issued policies to Proactive; it is not a party to the state court action. UFCC filed this suit against the other parties to the underlying suit -- including Proactive and the plaintiffs in the state action -- seeking declarations that it does not owe Proactive either a duty to defend or indemnify.

The plaintiffs in the underlying suit -- who are among the Defendants in this suit (the "State Plaintiffs") -- have filed a motion to dismiss, contending the Court should exercise its discretion under Wilton v. Seven Falls Co., 515 U.S. 277 (1995) and Brillhart v. Excess Insurance Company, 316 U.S. 491 (1942) to dismiss the suit. However, these cases apply only if there is a parallel state proceeding; that is, a state court action in which the same parties are litigating the same issues. Scottsdale Ins. Co.. v. Detco Indus., 426 F.3d 994, 996-98 (8th Cir. 2005). "[T]he district court's discretion [to abstain] is limited when no parallel proceedings are pending in state court, because in those circumstances there are less-pressing interests of practicality and wise administration."

Scottsdale Ins. dictates consideration of several factors to guide when a federal court should abstain from resolving a declaratory judgment action when parallel proceedings are absent. Here, the federal action will serve at least one purpose that cannot be served in the state-court action: ascertaining UFCC's obligation to defend Proactive, thereby resolving uncertainty surrounding that issue. Indeed, UFCC's obligation to defend is not -- and cannot be -- raised in the tort suit, so there is no state interest to consider much less defer to. This observation also demonstrates there is no risk of entanglement with the state court proceedings because the issue will not be raised. Ultimately, the absence of an opportunity for UFCC to resolve its defense obligations dictates that the Court should, at a minimum, allow this claim to proceed.

The State Plaintiffs also argue UFCC's claims regarding its duty to indemnify Proactive should be dismissed. These issues are also not raised in the underlying suit, but the State Plaintiffs posit they could be raised in some future garnishment action if (1) they prevail in the underlying tort suit and (2) UFCC declines to indemnify Proactive. The fact remains that there is presently no suit permitting UFCC to resolve its indemnification obligation. Nonetheless, the Court has other concerns that, like those presented by the State Plaintiffs, are related to issues of efficient judicial administration. The duty to defend is broader than the duty to indemnify, and depends on the existence of potential liability. E.g., Penn-Star Ins. Co. v. Grifffey, 306 S.W.3d 591, 596-97 (Mo. Ct. App. 2010); King v. Continental W. Ins. Co., 123 S.W.3d 259, 264 (Mo. Ct. App. 2003). In contrast, "[t]he duty to indemnify is determined by the facts as they are finally determined by some other means, for example through summary judgment or settlement" and can only be ascertained after the underlying suit against the insured is resolved. McCormack Baron Mgt.Servs., Inc., v. American Guarantee & Liability Ins., 989 S.W.2d 168, 173-74 (Mo. 1999) (en banc). Because the duty to defend is broader than the duty to indemnify, a determination that UCFF owes no duty to defend is tantamount to a determination that it also owes no duty to indemnify.

UCFF's claims regarding its duty to indemnify are deemed ripe for determination despite the uncertainty of the existence, much less the basis, of Proactive's liability. E.g., Scottsdale Ins. Co. v. Universal Crop Protectional Alliance, LLC, 620 F.3d 926, 934 (8th Cir. 2010). Nonetheless, the Court retains discretion to stay or defer

consideration of UCFF's claims regarding its duty to indemnify until the state court proceedings are completed and thereby provide the information McCormack Baron indicates is necessary to resolve those issues. No party has requested a stay, however, and the Court does not know enough about the underlying state suit (and its progress) to ascertain whether a stay is appropriate, so the Court declines to consider the issue at this time.

For these reasons, the Motion to Dismiss (Doc. # 7) is denied.[1]

IT IS SO ORDERED.

DATE: April 16, 2012

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] The Court's analysis applies equally to the State Plaintiffs' motion regarding Western World Insurance Company's cross- and counter-claims. That motion to dismiss (Doc. # 19) is denied as well.